IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:11-CR-00076-BR |
|     Plaintiff, | REDACTED<br>OPINION AND ORDER |
| v. | |
| DAVID JOHN OVIST, | |
|     Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**HANNAH HORSLEY**
**SCOTT ERIK ASPHAUG**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1031

    Attorneys for Plaintiff

**MATTHEW A. SCHINDLER**
P.O. Box 324
Lake Oswego, OR 97034
(503) 699-7333

**PHILIP A. LEWIS**
210 S.W. Morrison Street
Suite 500
Portland, OR 97204
(503) 226-3498

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant David John Ovist's Motion in Limine (#95) to Allow Evidence of Admissions of Party Opponents; Defendant's Motion (#105) to Dismiss Counts 2-7, 9-12, and 14 with Prejudice; [and] the government's Motion in Limine (#106) to Preclude Evidence of Argument of Financial Institutions' Fault **[REDACTED]**.

On July 5, 2012, the Court heard oral argument on these Motions. For the reasons that follow, the Court **DENIES** Defendant's Motion in Limine to Allow Evidence of Admissions of Party Opponents; **DENIES** Defendant's Motion to Dismiss Counts 2-7, 9-12, and 14 with Prejudice; [and] **DENIES as moot** the government's Motion in Limine to Preclude Evidence of Argument of Financial Institutions' Fault **[REDACTED]**.

## BACKGROUND

On February 25, 2011, a grand jury indicted Defendant on one count of Wire Fraud in violation of 18 U.S.C. § 1343 for Defendant's alleged preparation and submission to various financial institutions certain Uniform Residential Loan Applications "that contained false promises, representations and statements regarding the applicants' employment, income, intentions to live in the property as a primary residence, and other mortgages and liabilities" in order to obtain money or

property from those financial institutions.

On June 29, 2011, Defendant was charged in a Superseding Indictment with three counts of Bank Fraud in violation of 18 U.S.C. § 1343(1) and 12 counts of Wire Fraud related to a scheme that allegedly occurred from August 31, 2006, through April 17, 2008, in which Defendant and others

> devised a scheme and artifice to defraud and to obtain money from National City Bank, JPMorganChase Bank NA, and Wells Fargo Bank NA, financial institutions whose deposits were insured at the time by the Federal Deposit Insurance Corporation (FDIC) by materially false and fraudulent pretenses, representations and promises . . . [and] did knowingly cause to be transmitted by means of wire communications in interstate commerce, and did aid, abet, counsel, induce and procure the transmission of, wire transfers of money across state lines.

Superseding Indictment at ¶¶ 1, 6.

## **DEFENDANT'S MOTION (#95) TO ALLOW EVIDENCE OF ADMISSIONS OF PARTY OPPONENTS**

**I.   Background**

On September 2, 2011, the Federal Housing Finance Agency (FHFA) filed civil actions in New York state and federal courts against 17 financial institutions[1] that sold faulty subprime

---

[1] It is undisputed that the defendants in these actions include JPMorgan Chase Bank and Countrywide Financial Corporation, which is now part of Bank of America (BOA).

mortgage-backed securities to the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) between 2005 and early 2008. In those actions FHFA alleges certain loans that the defendant financial institutions sold to Fannie Mae and Freddie Mac had "riskier characteristics" than disclosed in the descriptions contained in the institutions' various marketing materials. FHFA also alleges the defendant financial institutions failed to follow their underwriting guidelines and criteria, which resulted in default rates much higher than expected. The FHFA cases remained unresolved at the time the government filed its Response to Defendant's Motion on June 19, 2012.

On June 4, 2009, the Securities and Exchange Commission (SEC) filed a civil action in the United States District Court for the Central District of California against three senior executives of Countrywide Financial Corporation alleging disclosure fraud and insider trading related to allegedly false statements made during the course of Countrywide's efforts to bundle and to securitize loans for investment purposes. On October 15, 2010, the parties to that action entered into a stipulated settlement without any admissions of liability.

On July 20, 2011, the Board of Governors of the Federal Reserve entered an Order to Cease and Desist and an Order of Assessment of a Civil Money Penalty Issued upon Consent with

Wells Fargo & Company and Wells Fargo Financial, Inc., related to the Federal Reserve's investigation of alleged violations of "applicable federal and state laws, rules and regulations related to home mortgage lending." Def.'s Mot. to Allow Evidence of Admissions of Party Opponent, Ex. 6 at 1. The orders provide the agreement was entered into "before the filing of any notices, or taking of any testimony of or finding on any issues of fact or law herein, and without [the orders] constituting an admission [by the defendants] . . . and solely for the purpose of settling this matter without a formal proceeding being filed." *Id*. at 7.

In this criminal case, Defendant contends the complaints and orders set out above contain admissions by "the government which militate against [Defendant's] alleged misrepresentations being material." Defendant, therefore, moves for an order allowing him "to present evidence that the government made various admissions regarding the lending practices of Countrywide, Chase, Wells Fargo, and GreenPoint for times material to the [Superseding] [I]ndictment herein." Def.'s Mot. to Allow Evidence of Admissions of Party Opponent at 4.

The government asserts the allegations in the FHFA, SEC, and Federal Reserve filings are not "statements" within the meaning of Federal Rule of Evidence 801, and, even if they were statements under Rule 801, they should not be admitted because they are irrelevant to the issues in this case.

I.  **Discussion**

   A.  **Statements of a party opponent under Rule 801.**

   Rule 801(d)(2) provides in pertinent part:

   > (d) Statements That Are Not Hearsay.  A statement that meets the following conditions is not hearsay:
   >
   > * * *
   >
   > (2) An Opposing Party's Statement.  The statement is offered against an opposing party and:
   >
   > (A) was made by the party in an individual or representative capacity;
   >
   > (B) is one the party manifested that it adopted or believed to be true;
   >
   > (C) was made by a person whom the party authorized to make a statement on the subject;
   >
   > (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
   >
   > (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

   The government contends the allegations in the complaints and orders at issue are not statements within the meaning of Rule 801(d)(2) and, therefore, are inadmissible hearsay because (1) they were not made by the Department of Justice (DOJ) or an agent of the DOJ; (2) the DOJ has not adopted the statements as its own; and (3) the FHFA, SEC, and Reserve Board are not parties to this proceeding and are not authorized

to speak for the DOJ. According to the government, therefore, the FHFA, SEC, and Reserve Board are not the same "party" as the government in this matter for purposes of Rule 801(d)(2).

In *United States v. Vasquez*, 3:11-CR-00026-BR, this Court addressed a similar argument and concluded the Bureau of Prisons (BOP) was not an agent of the DOJ for purposes of Rule 801(d)(2):

> In *Van Griffin* the defendant was arrested and charged with careless driving and driving under the influence in a federal park. After Park Ranger Oltrogge observed the defendant driving in reverse for approximately one-half mile with his trunk lid up obscuring his view and detected an odor of alcohol on the defendant's breath, Ranger Oltrogge administered various field sobriety tests including a test for nystagmus. According to Oltrogge, the defendant failed to properly recite the alphabet, failed to properly count backwards from 100, and failed to properly count his fingers. 874 F.2d at 635-36. At trial defense counsel questioned Ranger Oltrogge about the proper procedure for conducting the test for nystagmus contained in a publication of the National Highways Traffic Safety Administration. Ranger Oltrogge testified he was not aware of the publication. The defendant then sought to admit the publication into evidence to impeach Ranger Oltrogge, but the trial court denied the defendant's motion to admit the publication. *Id.* at 636. The Ninth Circuit held the pamphlet was not admissible for impeachment purposes, but concluded it "could have been introduced by the defendant as part of his defense in order to show the measures that are necessary to be taken in order to have a reliable test for nystagmus." *Id.* The Ninth Circuit, however, noted:
>
>> We do not say that every publication of every branch of government of the United States can be treated as a party admission by the United States under

to speak for the DOJ. According to the government, therefore, the FHFA, SEC, and Reserve Board are not the same "party" as the government in this matter for purposes of Rule 801(d)(2).

In *United States v. Vasquez*, 3:11-CR-00026-BR, this Court addressed a similar argument and concluded the Bureau of Prisons (BOP) was not an agent of the DOJ for purposes of Rule 801(d)(2):

> In *Van Griffin* the defendant was arrested and charged with careless driving and driving under the influence in a federal park. After Park Ranger Oltrogge observed the defendant driving in reverse for approximately one-half mile with his trunk lid up obscuring his view and detected an odor of alcohol on the defendant's breath, Ranger Oltrogge administered various field sobriety tests including a test for nystagmus. According to Oltrogge, the defendant failed to properly recite the alphabet, failed to properly count backwards from 100, and failed to properly count his fingers. 874 F.2d at 635-36. At trial defense counsel questioned Ranger Oltrogge about the proper procedure for conducting the test for nystagmus contained in a publication of the National Highways Traffic Safety Administration. Ranger Oltrogge testified he was not aware of the publication. The defendant then sought to admit the publication into evidence to impeach Ranger Oltrogge, but the trial court denied the defendant's motion to admit the publication. *Id.* at 636. The Ninth Circuit held the pamphlet was not admissible for impeachment purposes, but concluded it "could have been introduced by the defendant as part of his defense in order to show the measures that are necessary to be taken in order to have a reliable test for nystagmus." *Id.* The Ninth Circuit, however, noted:
>
>> We do not say that every publication of every branch of government of the United States can be treated as a party admission by the United States under

> Fed. R. Evid. 801(d)(2)(D). In this
> case the government department charged
> with the development of rules for
> highway safety was the relevant and
> competent section of the government; its
> pamphlet on sobriety testing was an
> admissible party admission.
>
> *Id*. at 638.
>
> Here Defendant has not shown the BOP is the
> relevant or competent section of the government
> charged with the development of legislation
> relating to federal crimes or to the standards of
> proof of federal crimes. In this felony
> prosecution, only the jury, and not the BOP, is
> authorized to determine the ultimate issues of
> fact.
>
> In any event, a number of cases have made clear
> that "government agents are not party-opponents
> for purposes of Rule 801(d)(2)." *See, e.g.,
> United States v. Arroyo*, 406 F.3d 881, 888 (7th
> Cir. 2005). *See also United States v. Booker*, 375
> F. App'x 225, 230-31 ("There is no authority for
> the proposition that the prosecution is a 'party'
> against whom [Rule 801(d)(2)] evidence can be
> offered."); *United States v. Kapp*, 781 F.2d 1008,
> 1014 (3d Cir. 1986)(same); *United States v.
> Prevatte*, 16 F.3d 767, 779 n.9 (7th Cir. 1994)
> ("Because the agents of the Government are
> supposedly disinterested in the outcome of a trial
> and are traditionally unable to bind the
> sovereign, their statements seem less the product
> of the adversary process and hence less
> appropriately described as admissions of a
> party.").

Opin. and Order at 5-7 (Dec. 5, 2011).

The government notes in its Response that the FHFA, SEC, and Reserve Board are independent entities wholly apart from the DOJ. For example, the FHFA acts as a conservator for Fannie Mae and Freddie Mac and does not represent the United States

8 - REDACTED OPINION AND ORDER

government or any government entity.  Fannie Mae and Freddie Mac
are government-sponsored enterprises (GSE) and are "shareholder
owned companies that operate under a Congressional Charter."[2]

In addition, the cases relied on by Defendant are
distinguishable from this matter.  For example, in *Hoptowit v.
Ray* the admitted evidence consisted of an investigative report
"prepared by employees of the State Attorney General's office for
the Secretary of the Department of Social and Health Services,
one of the defendants."  682 F.2d 1237, 1262 (9th Cir. 1982).  An
investigative report prepared by an employee of one of the
defendants at the defendant's request is not analogous to
statements made by a conservator and unrelated agencies outside
of the purview of the DOJ.

In *United States v. Kattar* the court noted "[w]hether
or not the entire federal government in all its capacities should
be deemed a party-opponent in criminal cases, the Justice
Department certainly should be considered such."  840 F.2d 118,
131 (1st Cir. 1988)(citations omitted).  Ultimately the court
concluded the evidence at issue there was admissible under Rule
801(d)(2)(B) because the DOJ had "manifested its belief in the
substance of the contested documents" when the DOJ submitted
"them to other federal courts to show the truth of the matter
contained therein."  *Id*.  Here, however, the DOJ did not file the

---

[2] *See* http://www.fhfa.gov/Default.aspx?Page=33

complaints and orders that Defendant seeks to admit nor has Defendant shown the DOJ "manifested that it adopted or believed [the allegations] to be true."

In *United States v. Morgan* the court held a law enforcement officer's statement in a search warrant was an admission by a party opponent under Rule 801(d)(2) because it was "approved by a prosecutor"; "submitted to a magistrate"; and, therefore, the prosecution "ha[d] manifested its 'adoption or belief' [in the statement]." 581 F.2d 933, 938 (D.C. Cir. 1978). The court used the term "government" to refer to the prosecution rather than as a broad category for all government agencies or agents. As noted, Defendant has not established in this matter that the DOJ adopted as true the statements made by the FHFA, SEC, or Federal Reserve.

Finally, in *United States v. AT&T* the court addressed the admissibility of statements made by officials of various agencies of the Executive Branch of the United States (other than the DOJ) in documents submitted during a different proceeding before the Federal Communications Commission.[3] 498 F. Supp. 353 (D.D.C. 1980). The DOJ contended only those statements made by

---

[3] The documents at issue were a Brief for the Administrator of General Services, testimony of a Director in the Office of the Assistant Secretary of Defense, and the Secretary of Defense's proposed findings of fact.

the DOJ should be admissible under Rule 801(d)(2). The court disagreed on the ground that it had previously issued an opinion and pretrial order in which it held "all Executive Branch agencies, departments and subdivisions comprise the plaintiff in this case." *Id*. at 357. The court also noted it had previously held the "action was instituted on behalf of the United States under the antitrust laws, which constitute a means for protecting the economic interests of the citizens of this country, not infrequently on a national scale," and, therefore, the "theory of the government's case and the relief requested are national in scope and they are likely to involve the documents and activities of a great number of government departments." *Id*. In this case, however, the Court has not issued any similar ruling or otherwise concluded Plaintiff is comprised of all Executive Branch agencies of the United States or that this action is brought to protect "the economic interests of the citizens of the United States on a national scale."

On this record the Court concludes allegations by the FHFA, SEC, and Reserve Board made in unrelated civil proceedings are not admissions by a party opponent under Rule 801(d)(2) because the FHFA, SEC, and Reserve Board are not the same party as the DOJ for purposes of this action.

**B. Relevance.**

Even if the complaints and orders at issue are deemed

to be admissions of a party opponent, the government asserts they are irrelevant to the issues in this case and should be excluded under Federal Rules of Evidence 402 and/or 403.

18 U.S.C. § 1343 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purposes of executing such scheme or artifice, shall be fined under this title or imprisoned not more than five years or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

"To convict a defendant of wire [and bank] fraud, the government must prove [beyond a reasonable doubt] that a defendant (1) participated in a scheme to defraud; and (2) used the wires to further the scheme." *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000)(citation omitted). The government also must prove beyond a reasonable doubt the defendant's specific intent to commit the crime and that the falsehood giving rise to the scheme to defraud was material. *Neder v. United States*, 527 U.S. 1, 22 (1999).

A false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id*. at 16. "'[C]apable of influencing' is an objective test,

12 - REDACTED OPINION AND ORDER

which looks at 'the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end.'" *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008)(quoting *United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987)).

Defendant contends the allegations in the civil complaints and orders at issue are relevant to the element of materiality because "they demonstrate that the government itself does not believe that the alleged misrepresentations were material." According to Defendant, the "government" alleged in those civil proceedings that the statements on the loan applications never influenced the lenders, and, therefore, those statements "were not capable of influencing the decision-making bodies to which they were addressed."

The Court disagrees. Even if it is assumed for purposes of this Motion that the complaints and orders at issue demonstrate the government's belief that the lenders' practice of disregarding their own loan underwriting criteria was so persuasive that the false statements with which Defendant is charged were irrelevant to the loan approval process, that evidence would bear only on the question whether the lenders actually relied on the false statements rather than on the materiality of the statements. In other words, the lenders' alleged misconduct regarding their loan underwriting is

irrelevant when determining whether Defendant made the alleged false statements with the intent to influence the lenders' decisions. *See, e.g., United States v. Reynolds*, 189 F.3d 521, 525 (7th Cir. 1999)(upholding district court's ruling that the proffered testimony of a banking witness that defendant's loan would have been approved notwithstanding defendant's false statements was inadmissible on the ground that such testimony addressed the bank's reliance on the statements rather than their materiality). The Court, therefore, concludes Defendant has not established the complaints and orders at issue are relevant to the materiality of Defendant's alleged misrepresentations.

Accordingly, the Court denies Defendant's Motion in Limine to Allow Evidence of Admissions of Party Opponents.

### **DEFENDANT'S MOTION (#105) TO DISMISS COUNTS 2-7, 9-12, AND 14 WITH PREJUDICE**

Defendant also seeks an order dismissing Counts 2-7, 9-12, and 14 of the Superseding Indictment on the ground that the government "through [the FHFA] and the [SEC]" has

> alleged in sworn pleadings that these lenders abrogated and abandoned any risk management in order to approve all loans because of their desire to securitize and sell the loans to investors. Because the due process clause, the duty to do justice, and the doctrine of judicial estoppel prevent the government making any argument in this case that is contrary to the statements in the FHFA and SEC complaints, the counts of the indictment relating to these lenders must be

14 - REDACTED OPINION AND ORDER

> dismissed. The scope of the government's
> statements about underwriting at these firms in
> these complaints precludes it from now arguing
> that the misrepresentations at issue in this case
> were material to these same lenders.

Def.'s Memo. in Support of Mot. to Dismiss at 2.

Defendant relies on the same complaints and orders that are the subject of Defendant's Motion in Limine to Allow Evidence of Admissions of Party Opponents. At the July 5, 2012, hearing, Defendant acknowledged the Court should deny Defendant's Motion to Dismiss Counts 2-7, 9-12, and 14 if the Court concludes the complaints and orders that are the subject of Defendant's Motion in Limine to Allow Evidence of Admissions of Party Opponents are not admissible. The Court agrees.

Accordingly, for the reasons noted, the Court denies Defendant's Motion to Dismiss Counts 2-7, 9-12, and 14 With Prejudice.

## **GOVERNMENT'S MOTION IN LIMINE (#106) TO PRECLUDE EVIDENCE OF ARGUMENT OF FINANCIAL INSTITUTIONS' FAULT**

Conversely, the government moves for an order precluding Defendant from presenting evidence of or argument referring to the following:

> (1) the Defendant's alleged misrepresentations
> were immaterial because the victim financial
> institutions did not subjectively rely on them,
> (2) the victim financial institutions invited or
> could have prevented the Defendant's alleged
> fraud, and (3) accusations of unrelated incidents
> of malfeasance by lending institutions.

15 - REDACTED OPINION AND ORDER

Gov't Mot. in Limine at 1-2.

As noted, the "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." *Neder*, 527 U.S. at 25. A statement is "material" if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed." *Gaudin*, 515 U.S. at 509. "'Capable of influencing' is an objective test, which looks at the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end." *Peterson*, 538 F.3d at 1071-72.

As the District Court for the District of Arizona recently explained:

> [W]ire fraud and bank fraud do not require proof that the victim relied on the false statements or was damaged by the statements. "The common-law requirements of 'justifiable reliance' and 'damages' . . . plainly have no place in the federal fraud statutes. By prohibiting the 'scheme to defraud,' rather than the completed fraud, the elements of reliance and damages would clearly be inconsistent with the statutes Congress enacted." *Neder*, 527 U.S. at 24–25.
>
> [B]ecause reliance and damages are not necessary elements of the crime, it is no defense to wire fraud or bank fraud that the victim of the fraud was negligent, gullible, or incompetent.
>
> Given these principles, Defendant clearly cannot point to loose lending practices of the victim financial institutions to establish a defense to the charges of wire fraud or conspiracy to commit wire fraud and bank fraud. The government need not prove that the financial institutions relied on or were damaged by Defendant's misrepresent-

ations, and Defendant therefore cannot establish a
defense to the crimes by proving that the
financial institutions did not rely or were not
damaged. . . . Evidence offered to support this
argument would be irrelevant and inadmissible.

*United States v. Maximov*, No. CR10-822-PHX-DGC, 2011 WL 4915162, at *1-2 (D. Ariz. Oct. 17, 2011)(citations omitted).

At the July 5, 2012, hearing Defendant advised the Court that he agreed with the reasoning of *Maximov* and did not intend to assert malfeasance by the lending institutions as a defense. Accordingly, the Court denies as moot the government's Motion to Preclude Evidence of Argument of Financial Institutions' Fault insofar as the government seeks to preclude Defendant from asserting the financial institutions' malfeasance as a defense.

Nevertheless, the Court recognizes evidence of the financial institutions' lending standards may be admissible for other purposes. As the court in *Maximov* explained:

> [T]o decide whether the false statements had a
> natural tendency to influence, or were capable of
> influencing, the decisions of the lenders, the
> jury must know something about the lenders'
> decision-making process. For this reason, the
> government proposes to present expert witnesses
> who will testify about underwriting standards and
> the loan application process for residential
> mortgage lenders. . . . If the government is
> going to present evidence of "lending standards"
> in order to demonstrate the materiality of the
> false statements, then Defendant surely must be
> permitted to challenge that evidence—to argue that
> the government's witnesses are not accurately
> describing "lending standards"—in order to rebut
> the government's proof of materiality. Stated
> differently, if the government seeks to show that
> Defendant's false statements about income were

>     material because applicable lending standards
>     required the financial institutions to consider
>     income, Defendant certainly must be permitted to
>     present evidence that the relevant lending
>     standards did not require the financial
>     institutions to consider income.
>
>     Thus, although Defendant cannot rely on loose
>     lending practices of victim financial institutions
>     as a defense to fraud, he can challenge the
>     government's evidence concerning applicable
>     lending standards and thereby challenge the
>     government's assertion that the false statements
>     were material.

*Id.*, at *3. The Court understands the government intends to call employees from each of the lending institutions as fact witnesses to explain the underwriting process for each of the relevant transactions. If in the course of the government's presentation issues arise concerning the lenders' standards and the element of materiality, the Court will address those issues based on the record as it then exists.

## DEFENDANT'S MOTION (#102) TO DISMISS INDICTMENT

**[REDACTED]**

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion in Limine (#95) to Allow Evidence of Admissions of Party Opponents; **DENIES** Defendant's Motion (#105) to Dismiss Counts 2-7, 9-12, and

18 - REDACTED OPINION AND ORDER

14 with Prejudice; [and] **DENIES as moot** the government's Motion in Limine (#106) to Preclude Evidence of Argument of Financial Institutions' Fault **[REDACTED]**.

IT IS SO ORDERED.

DATED this 11th day of July, 2012.

/S/ Anna J. Brown

ANNA J. BROWN
United States District Judge