IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,           3:11-CR-00076-BR

      Plaintiff,                OPINION AND ORDER

v.

DAVID JOHN OVIST,

      Defendant.


**S. AMANDA MARSHALL**
United States Attorney
**HANNAH HORSLEY**
**SCOTT ERIK ASPHAUG**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1031

      Attorneys for Plaintiff

**MATTHEW A. SCHINDLER**
P.O. Box 324
Lake Oswego, OR 97034
(503) 699-7333

**PHILIP A. LEWIS**
210 S.W. Morrison Street
Suite 500
Portland, OR 97204
(503) 226-3498

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant David John Ovist's Motion (#203) to Reconsider the Court's denial of Defendant's Motion (#95) to Allow Evidence of Admissions of Party Opponent and the granting of the government's Motion (#106) in Limine to Preclude Evidence of Argument of Financial Institutions' Fault. On January 8, 2013, the Court heard oral argument on Defendant's Motion to Reconsider.

For the reasons that follow, the Court **GRANTS** Defendant's Motion to the extent that the Court reconsiders its denial of Defendant's Motion and the granting of the government's Motion. The Court, nonetheless, **ADHERES** to its July 11, 2012, Opinion and Order (#153) denying Defendant's Motion to Allow Evidence of Admissions of Party Opponent and granting the government's Motion to Preclude Evidence of Argument of Financial Institutions' Fault.

## BACKGROUND

On September 2, 2011, the Federal Housing Finance Agency (FHFA) filed civil actions in New York state and federal courts against 17 financial institutions that sold faulty subprime mortgage-backed securities to the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) between 2005 and early 2008. In those

actions FHFA alleges certain loans that the defendant financial institutions sold to Fannie Mae and Freddie Mac had "riskier characteristics" than disclosed in the descriptions contained in the institutions' various marketing materials.  FHFA also alleges the defendant financial institutions failed to follow their underwriting guidelines and criteria, which resulted in default rates much higher than expected.

On June 4, 2009, the Securities and Exchange Commission (SEC) filed a civil action in the United States District Court for the Central District of California against three senior executives of Countrywide Financial Corporation alleging disclosure fraud and insider trading related to allegedly false statements made during the course of Countrywide's efforts to bundle and to securitize loans for investment purposes.  On October 15, 2010, the parties to that action entered into a stipulated settlement without any admissions of liability.

On July 20, 2011, the Board of Governors of the Federal Reserve entered an Order to Cease and Desist and an Order of Assessment of a Civil Money Penalty Issued upon Consent with Wells Fargo & Company and Wells Fargo Financial, Inc., related to the Federal Reserve's investigation of alleged violations of "applicable federal and state laws, rules and regulations related to home mortgage lending."  Def.'s Mot. to Allow Evidence of Admissions of Party Opponent, Ex. 6 at 1.  The orders provide the

3 - OPINION AND ORDER

agreement was entered into "before the filing of any notices, or taking of any testimony of or finding on any issues of fact or law herein, and without [the orders] constituting an admission [by the defendants] . . . and solely for the purpose of settling this matter without a formal proceeding being filed." *Id*. at 7.

On June 6, 2012, Defendant filed a Motion in Limine to Allow Evidence of Admissions of a Party Opponent in which Defendant asserted the complaints and orders set out above contain admissions by "the government which militate against [Defendant's] alleged misrepresentations being material."

The government asserted the allegations in the FHFA, SEC, and Federal Reserve filings are not "statements" within the meaning of Federal Rule of Evidence 801, and, even if they were, they should not be admitted because they are irrelevant to the issues in this case.

On July 11, 2012, the Court issued an Opinion and Order (#153) in which it denied Defendant's Motion in Limine and granted the government's Motion in Limine on two grounds: (1) the complaints and orders were not admissions of a party opponent under Federal Rule of Evidence 801(d)(2) and (2) even if they were admissions of a party opponent, they were not relevant. Specifically, the Court concluded "allegations by the FHFA, SEC, and Reserve Board made in unrelated civil proceedings are not admissions by a party opponent under Rule 801(d)(2) because the

4 - OPINION AND ORDER

FHFA, SEC, and Reserve Board are not the same party as the DOJ for purposes of this action."

As to relevance, the Court noted:

> "To convict a defendant of wire [and bank] fraud, the government must prove [beyond a reasonable doubt] that a defendant (1) participated in a scheme to defraud; and (2) used the wires to further the scheme." *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000)(citation omitted). The government also must prove beyond a reasonable doubt the defendant's specific intent to commit the crime and that the falsehood giving rise to the scheme to defraud was material. *Neder v. United States*, 527 U.S. 1, 22 (1999).
>
> A false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id*. at 16. "'[C]apable of influencing' is an objective test, which looks at 'the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end.'" *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008)(quoting *United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987)).

\* \* \*

> Even if it is assumed for purposes of this Motion that the complaints and orders at issue demonstrate the government's belief that the lenders' practice of disregarding their own loan underwriting criteria was so persuasive that the false statements with which Defendant is charged were irrelevant to the loan approval process, that evidence would bear only on the question whether the lenders actually relied on the false statements rather than on the materiality of the statements. In other words, the lenders' alleged misconduct regarding their loan underwriting is irrelevant when determining whether Defendant made the alleged false statements with the intent to influence the lenders' decisions. *See, e.g., United States v. Reynolds*, 189 F.3d 521, 525 (7th

> Cir. 1999)(upholding district court's ruling that
> the proffered testimony of a banking witness that
> defendant's loan would have been approved
> notwithstanding defendant's false statements was
> inadmissible on the ground that such testimony
> addressed the bank's reliance on the statements
> rather than their materiality). The Court,
> therefore, concludes Defendant has not established
> the complaints and orders at issue are relevant to
> the materiality of Defendant's alleged
> misrepresentations.

Opin. and Order at 13-14.

On December 7, 2012, Defendant filed a Motion to Reconsider Denial of Defendant's Motion to Allow Evidence of Admissions of a Party Opponent.

## **DISCUSSION**

In his Motion to Reconsider Defendant points to an October 24, 2012, complaint-in-intervention filed in the United States District Court for the Southern District of New York by the Department of Justice through the United States Attorney for the Southern District of New York against Bank of America Corporation as successor in interest to Countrywide Financial Corporation. Defendant notes the United States Attorney for the Southern District of New York made numerous allegations in that complaint concerning Countrywide's lending practices and policies starting in 2007, which is during the time at issue here. Among these are allegations that Countrywide's lending decisions were not based on the quality of the loans and the ability of the

6 - OPINION AND ORDER

borrowers to repay them, but instead Countrywide's decisions were driven solely by the volume of loans that it could move to closing and then sell to Fannie Mae and Freddie Mac. Defendant contends these allegations are admissions of a party opponent because they were made by a United States Attorney on behalf of the Department of Justice, and, therefore, they are admissible under Federal Rule of Evidence 801(d)(2). Defendant also asserts these allegations do not apply solely to the issue of reliance but are

> evidence tending to show that borrowers' statements concerning income, liabilities, assets and purpose in buying the property were irrelevant, *i.e.*, immaterial, to Countrywide's decision to fund a loan, and thus would not have had the capacity to influence the decision making body to which they were addressed at the time that they were made. This is distinct from reliance, which asks whether the decisions ultimately made were actually influenced by the representations.

Def.'s Mot. to Reconsider at 4.

The government, in turn, asserts the United States Attorney for the Southern District of New York is not a party opponent in this matter. The government notes under 28 U.S.C. §§ 541 and 547 a United States Attorney is the chief federal law-enforcement officer for the judicial district that he or she serves and is responsible only for prosecution of offenses against the United States in that district. According to the government, therefore, a United States Attorney for any given judicial district does not speak for every other United States Attorney in the rest of the

7 - OPINION AND ORDER

country.  In addition, the government notes the United States Attorney here has never adopted the allegations made by the United States Attorney for the Southern District of New York, and, therefore, the complaint that Defendant seeks to admit is inadmissible hearsay.

Defendant does not point to any case in which allegations by a United States Attorney for one judicial district are considered to be admissions of a party opponent under Rule 801(d)(2) as to a United States Attorney in another judicial district.  In addition, as the Court noted in its July 11, 2012, Opinion and Order, "a number of cases have made clear that 'government agents are not party-opponents for purposes of Rule 801(d)(2).'" At 8 (citing *United States v. Arroyo*, 406 F.3d 881, 888 (7th Cir. 2005)).  *See also United States v. Booker*, 375 F. App'x 225, 230-31 ("There is no authority for the proposition that the prosecution is a 'party' against whom [Rule 801(d)(2)] evidence can be offered."); *United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986)(same); *United States v. Prevatte*, 16 F.3d 767, 779 n.9 (7th Cir. 1994)("Because the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party.").  Although the Ninth Circuit indicated in *United States v. Van Griffin*, 874

F.2d 634 (9th Cir. 1989), that Rule 801(d)(2) could apply against the government, the Court concludes for the reasons stated on the record that the complaint filed by the United States Attorney for the Southern District of New York that Defendant seeks to admit is not the kind of evidence the Ninth Circuit would deem admissible against the government under Rule 801(d)(2).

Accordingly, the Court adheres to its previous ruling and declines to admit either the evidence that Defendant sought to admit in its Motion to Allow Evidence of Admissions of Party Opponent or the complaint that Defendant seeks to admit in its Motion to Reconsider because they are not admissions of a party-opponent and, therefore, are inadmissible hearsay.

The Court notes Defendant conceded at the hearing on January 8, 2013, that he does not intend to offer any evidence on the question whether any of the lenders actually relied on the allegedly false representations. Nevertheless, in the event Defendant proffers similar evidence in an admissible form at trial, the Court will consider all evidentiary objections thereto by first requiring Defendant to articulate the specific admissible purpose for which the evidence is offered. As guidance for counsel and as explained on the record, the Court articulates the following test for relevance as to the element of materiality: Does the evidence have any tendency to make more or less probable the question whether an allegedly false statement

9 - OPINION AND ORDER

by Defendant had, from an objective perspective, a natural tendency to influence the decision-makers in making the loan in question? *See Neder v. United States*, 527 U.S. 1, 16 (1999)(A false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed."). *See also United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008)("[C]apable of influencing' is an objective test, which looks at the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end.").

Finally, although the government has raised objections to the evidence described in Defendant's present Motion based on Federal Rule of Evidence 403, the Court defers analysis of the Rule 403 issues to such time as Defendant makes a proffer in an admissible form of evidence relevant to the question of materiality.

Thus, for these reasons, the Court **GRANTS** Defendant's Motion (#203) to Reconsider to the extent that the Court reconsiders its denial of Defendant's Motion (#95) to Allow Evidence of Admissions of Party Opponent and the granting of the government's Motion (#106) to Preclude Evidence of Argument of Financial Institutions' Fault. The Court, nonetheless **ADHERES** to its July 11, 2012, Opinion and Order (#153) denying Defendant's

Motion to Allow Evidence of Admissions of Party Opponent and granting the government's Motion to Preclude Evidence of Argument of Financial Institutions' Fault.

IT IS SO ORDERED.

DATED this 9th day of January, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge